## PALMER V. STACY ET AL.

1. **Judgment:** JOINT DEFENDANTS: ENFORCEMENT. The judgment plaintiff in an action against joint defendants may enforce his judgment to its full extent against either of them at his option.

2. ——: ——: ——. Where a judgment was obtained against a town and another for injuries caused by the negligence of the co-defendant, the plaintiff is not compelled to resort to the property of the latter for the satisfaction of the judgment.

3. ——: ——: MANDAMUS. He may ask a writ of mandamus to compel the levy of a tax for the payment of the judgment. That the co-defendant has property subject to execution does not afford such a remedy as will prevent the granting of the writ.

4. ——: ——: ——. It is no objection to the granting of the writ that it will promote a circuity of actions.

### Appeal from Kossuth District Court.

### WEDNESDAY, OCTOBER 18.

THIS is a proceeding by mandamus to compel defendants to levy a tax for the payment of a judgment against the town of Algona. Upon a trial on the merits a peremptory writ of mandamus was awarded against defendants, and from such judgment they appeal. Other facts of the case appear in the opinion.

*Starr, Patterson & Harrison,* for appellants.

*Charles A. Clark* and *George E. Clark,* for appellee.

BECK, J.—Plaintiff is the 'assignee of a judgment against the town of Algona, W. H. Ingham and L. H. Smith, rendered in favor of one Martin in an action to recover for personal injuries sustained on account of the fault and negligence of the defendants therein just named. A part of the judgment was paid by Ingham and Smith. The petition shows that the town of Algona has no property subject to execution, and that it has failed to take any steps for the payment of the judgment. It asks that the defendants, as officers of the

town, be required to levy a tax for the payment of the judgment, and to set apart sufficient of the taxes already levied for that purpose.

I. The defense to the action relied upon in this court is based upon the facts that Ingham and Smith are joint defendants in the judgment, and, as it was through their negligence and fault in obstructing the streets of the town, whereby Martin sustained injury for which he recovered, they are liable to the town, and that they are men of ample pecuniary responsibility and from their property the judgment can be collected. It is argued that, in view of these facts, the court below erred in awarding the writ of mandamus.

*1. JUDGMENT: enforcement: joint defendants.*

The judgment bound equally the town and the other defendants; each was severally liable for its payment to the full extent thereof, and the plaintiff could enforce it against either party at his option. As between the defendants and plaintiff their rights were settled by the judgment and, under the law, plaintiff acquired the right so to enforce the judgment. The relations and rights of the defendants between themselves, whatever they may be, cannot abridge plaintiff's rights. He cannot be delayed or required to incur expense, in order to give the defendants an opportunity to settle their respective claims upon one another. Plaintiff possesses the right to enforce his judgment against the town, if he elects to proceed against it. The town cannot defeat this right because the other defendants are liable to it for any amount it may be compelled to pay.

II. The fact that Ingham and Smith are owners of property out of which this judgment may be made does not defeat the right of plaintiff first stated. He cannot be required to demonstrate the fact of their solvency by an attempt to collect from them the judgment. It might result that his efforts would be fruitless. At all events, the doctrine which would authorize one debtor to compel the creditor to resort to the property of another, would give the debtor, if not in this case, certainly in others, the power to delay and impose expense upon the creditor.

*2. ——: ——.*

In case one of two joint judgment debtors is a surety for the other, the judgment will not be enforced against the principal first, except at the option of the creditor, unless a direction to that effect is found in the judgment. In the absence of such direction all judgment debtors are to be considered equally liable. §§ 3039, 3042.

We conclude that plaintiff possesses the right, at his option, to enforce the judgment wholly against the town.

III. Defendants insist that there is a "plain, speedy and adequate remedy in the ordinary course of the law," which

3. ——: ——: mandamus. plaintiff may pursue in order to enforce his judgment, and he cannot, therefore, resort to mandamus. Code, § 3376. The remedy referred to is an execution against Ingham and Smith. But this is not a remedy against the town of Algona, and as we have seen the law secures to plaintiff the right to proceed against it alone and first, and this right is not taken away by the rights and relations existing between defendants. This statute is not intended to defeat this right, and cannot be so construed. It is evidently applicable to the case made by the defendant against whom the judgment is sought to be enforced. If there be a remedy by execution or otherwise, whereby the judgment may be enforced against the town, the action of mandamus will not lie.

IV. It is argued that by refusing the writ of mandamus, and requiring plaintiff to collect his judgment from Ingham

4. ——: ——: and Smith a circuity of actions will be avoided, which the law is careful to prevent. All this may be true. But the law will not interpose to prevent a circuity of actions, if it interfere with the rights of other parties. As we have said the right of the town against Ingham and Smith will not be enforced in a manner that will delay plaintiff, impose expense upon him or defeat him of a remedy which he may enforce at his option.

V. No demand is shown to have been made upon defendants to levy the tax. But the record clearly shows an intention upon their part not to do so. In this state of the case proof of demand upon defendants is not necessary to entitle

plaintiff to the peremptory writ. Dillon's Municipal Corporations, § 696; Moses on Mandamus, 18. No objection is made by either party to the form of the relief granted in the judgment of the court below. It need not be considered. The judgment of the District Court is

AFFIRMED.