[No. 695.  Decided November 3, 1892.]

J. W. BARNETT, *Respondent*, v. R. N. ASHMORE, *Auditor of Lewis County, Washington, Appellant.*

CHANGE OF VENUE — BIAS OF JUDGE — MANDAMUS — ROOMS PROVIDED BY ORDER OF COURT — REFUSAL OF AUDITOR TO DRAW WARRANT.

Where a judge is interested financially in the result of a case, although it may not be in such a way as to render him legally responsible, and is evidently biased in favor of one of the parties, his refusal to grant an application for a change of venue is an abuse of discretion reposed in him.

Mandamus will not lie to compel the auditor of a county to draw a warrant for the payment of expenses incurred by the sheriff in

providing and furnishing rooms for the court and its officers, which had been ordered by the judge of the superior court under authority of Code Proc., § 48, when it appears that the county commissioners were at the time making suitable provision therefor, and that the judge and sheriff were cognizant of the fact.

*Appeal from Superior Court, Lewis County.*

Mandamus against R. N. Ashmore, as auditor of Lewis county, Washington, to compel him to draw a warrant in favor of plaintiff, who was sheriff of the county, and who had incurred certain expenses in providing and fitting up rooms for the court and certain of the officers of the county. From a judgment awarding a peremptory writ of mandate defendant appeals.

*Reynolds & Stewart,* for appellant.
*H. S. Elliott,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The first contention of the appellant is, that the court erred in not granting the change of venue prayed for. We think the record supports this contention. While it must be conceded that a question of change of venue is a matter very largely discretionary with the trial judge, yet, where this discretion is evidently abused, the appellate court will not hesitate to give relief. In this case the affidavit on which the motion was based shows such a state of facts that the judge ought not for a moment to have hesitated to grant it. According to the judge's own statement he was interested financially in the result of the case, and even if, as claimed by respondent, his statement did not make him legally responsible to the sheriff, but only morally responsible, the whole record in the case incorporated in the affidavit shows conclusively that the judge was not only, not a disinterested party, but that he was a very intense partisan. It is a primary idea in the

administration of justice that a judge must necessarily be free from bias, prejudice or partiality. As was well said by the supreme court of Michigan in *Stockwell v. Township Board of White Lake*, 22 Mich. 341:

"The court ought not to be astute to discover refined and subtle distinctions to save a case from the operation of the maxim, when the principle it embodies bespeaks the propriety of its application. The immediate rights of the litigants are not the only objects of the rule. A sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observance."

We are also clearly of the opinion that the court erred in sustaining the demurrer to defendant's answer. The law provides (Code Proc. § 48) that if the proper authorities neglect to provide any supreme court or superior court with rooms, furniture, fuel, lights and stationery, suitable and sufficient for the transaction of its business, and for the jury attending upon it, if there be one, the court may order the sheriff to make such provisions, and the expense incurred by the sheriff in carrying such order into effect shall, when ascertained and ordered to be paid by the court, be a charge upon the county. But it must be borne in mind that this authority can only be exercised by the court when the proper authorities neglect to make such provision. In this instance the board of county commissioners were the proper authorities. It clearly appears from the respondent's answer that the condition of affairs did not exist which warranted the assumption of authority exercised by the court. The board of county commissioners had neither refused nor neglected to provide suitable rooms and furniture, etc., for the use of the court. It is alleged in the answer that a large and commodious court house was already at the service of the court, but even presuming that the increasing business of the court demanded additional rooms and conveniences, the answer

alleges that upon the first notice given to the commissioners by the judge that he required additional rooms, furniture and conveniences, they proceeded at once to make provisions for furnishing the same, and notified the court of their intent so to do, and that prior to the contracting of any of the said bills by the sheriff they had contracted to have an addition built to the court house sufficient to provide the said judge with a room for his chambers, and to provide jury rooms and sufficient office rooms for all the county officers, and to secure a fire-proof vault for a safe storage for the records. That the bills of the sheriff were incurred with full knowledge on his part, and on the part of the court, that the commissioners proposed to, and had undertaken, and would have ready for the use of the court when needed, better and more suitable rooms and facilities for the comfort and dispatch of the business of said court than those which said sheriff rented; and that knowing all these facts the judge directed the sheriff to incur the said obligations.    It also appears from the answer that the apartments provided for the court were furnished and in readiness for the use of the court before the court convened on the 6th day of January.

These, with many other facts stated in the answer, show conclusively to our minds that the proper authorities had not neglected to make suitable provisions for the court, and that the order of the court was without authority of law. A demurrer having admitted all the facts alleged in the answer which were properly pleaded, we think the defendant showed good cause why he should not be punished for contempt.

So far as the question of the binding force of the judgment of the court is concerned, at most it could only bind parties to the action, and those having notice.   By special order of the court only certain individuals in Lewis county had notice of the proceedings.   J. N. Ashmore had notice,

but the county auditor of Lewis county, whose duty it was at that time to audit all legal claims against the county, had no notice, and the same may be said of the county commissioners.   The duty of the auditor is thus summed up in respondent's brief:

"Upon presentation of an order such as that of the sheriff in this case, it is the duty of the auditor to inquire: *First*, Is it lawful, *i. e.*, made in pursuance of law; and, *second*, has it been approved by the tribunal designated by law for its allowance.   Upon the affirmative answering of these questions he is bound to draw a warrant."

Conceding the respondent's position to be correct, we have already found that the order was not made in accordance with law, and the auditor was, therefore, justified in not issuing the warrant.

The judgment is, therefore, reversed, and the cause remanded to the lower court with instructions to dismiss the action.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.