[No. 2653.  Decided September 27, 1897.)

THE STATE OF WASHINGTON, *on the Relation of John J. Sheehan, Appellant,* v. T. E. HEADLEE, *as Auditor of Snohomish County, Respondent.*

CLAIMS AGAINST COUNTY — ALLOWANCE BY COMMISSIONERS — DUTY OF AUDITOR TO DRAW WARRANT — MANDAMUS — PLEADING.

Under Gen. Stat., § 281, authorizing boards of county commissioners " to allow all accounts legally chargeable against such county not otherwise provided for," and Laws 1893, p. 280, § 1, providing that such claims as it is not the auditor's duty to audit shall be presented to the board of county commissioners for their examination and allowance, and that for claims allowed by the county commissioners, the auditor shall draw a warrant

on the county treasurer, payable to the claimant or his order, when the board has approved bills which they have the legal right to approve, it is the duty of the auditor, without further question, to issue the warrants for the same.

In mandamus to compel the auditor to draw a warrant for a claim allowed by the county commissioners, where the complaint sets forth that the claim was duly and legally presented to the board of county commissioners, that they duly and legally passed upon the same and that the amount claimed was duly approved by the board, the auditor cannot demur thereto on the ground that the complaint is not in such form as to enable him to raise an issue of fact as to the merits of the claim and the rightfulness of the items charged for, but if there are any legal objections to the payment of the claim, they should be set up by answer.

Appeal from Superior Court, Snohomish County.—Hon. FRANK T. REID, Judge.   Reversed.

*Louis K. Church*, for appellant.
*J. H. Naylor*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant was duly elected surveyor of Snohomish county, and served as such from the 11th day of January, 1895, to the 14th day of January, 1897. He presented his bill for services as such surveyor to the county commissioners of Snohomish county, and they allowed the same in the sum of $1,775.   This was on the 2d day of November, 1896.   On the 18th day of January, 1897, the appellant demanded of the auditor of Snohomish county, T. E. Headlee, defendant and respondent, that he issue a warrant to the appellant in payment of the salary and services allowed aforesaid in the sum aforesaid. The auditor refused to issue such warrant, and the appellant sued out a writ of mandamus to which the respondent demurred for the reason that the complaint did not state facts sufficient to constitute a cause of action.   This de-

murrer was sustained by the court, and from the judgment sustaining said demurrer this appeal was taken.

It is the contention of the respondent that the petition did not state facts sufficient to constitute a cause of action, for the reason that it does not show that the appellant has performed services for as many days as he seeks compensation for; that the relator should state his case in a form which would enable the respondent to admit or deny the material allegations and thus raise an issue on the facts alleged as the relator's foundation for his claim for relief. We think the auditor mistook his authority. There can be no issue of fact determined by the auditor on a bill that has been presented and allowed by the county commissioners. The determination of the issue of fact was a matter submitted to the discretion of the board of county commissioners, whose duty it was to pass upon the merits of the bill. Section 281 of the General Statutes empowers the county commissioners to pass upon a bill of this kind, and after they have done so it is not within the power of the auditor to sit in review of their judgment or to substitute his discretion for theirs.

We concede the force of the law as announced by High on Extraordinary Legal Remedies, § 450, cited by the respondent, but it has no application to this particular case, because the appellant here has set forth sufficient in his petition upon which to form an issue. He has set forth the fact that the bill was duly and legally presented to the board of county commissioners, that they duly and legally passed upon the same, and that the amount claimed was duly approved by such board.

Under the decision of this court in *Dillon v. Whatcom County*, 12 Wash. 391 (41 Pac. 174), it was decided that when a discretion had been vested in the county commissioners, not even the courts could substitute their judg-

ment for the judgment of that tribunal. How can it then be said that an auditor, a mere ministerial officer, the clerk of the board of county commissioners, whose duty it is simply to audit and record, so far as this class of cases is concerned, can substitute his judgment for that of the board?

The case of *Linden v. Case*, 46 Cal. 171, cited by respondent, is not in point. That was a case involving the removal of a county seat, where the county commissioners were proceeding to erect public buildings, and the claim was there that the law did not authorize the board of supervisors to make provision for the payment of any claims for or on account of such work. Such cases as this were reviewed in *Dillon v. Whatcom County*, *supra*, and distinguished from cases where the subject matter had been legally submitted to the discretion of the board.

If the board of county commissioners were acting outside of their jurisdiction, then it may be that the auditor would have a right to question their action and refuse to issue a warrant, but that would be a matter for him to set up as a defense in his answer to the writ.

There may be many other legal reasons why he should not issue warrants upon bills which had been allowed by the county commissioners, but they must affirmatively appear by his answer when the petition alleges that the bills have been submitted to the county commissioners and have been duly passed upon by them, and when it further appears from the petition, as in this case, that they were bills which the law provides should be passed upon by the board of county commissioners.

The quotation from the case of *Barnett v. Ashmore*, 5 Wash. 163 (31 Pac. 466), to the effect that " upon presentation of an order, such as that of the sheriff in this

case, it is the duty of the auditor to inquire: First, Is it lawful, i. e., made in pursuance of law; and, second, has it been approved by the tribunal designated by law for its allowance.   Upon the affirmative answering of these questions he is bound to draw a warrant;" is not a quotation from the opinion of the court in that case, but from the brief of the respondent, and the court simply said that, conceding the correctness of the proposition, yet the case on other grounds would be decided against the respondent. This expression of the court always means simply that it is not necessary to investigate the propositions so spoken of.

Beach on Public Corporations, § 857, announces the rule as follows:

" The board of supervisors of a county in passing upon a claim against the county, act as a quasi-judicial body, and their allowance and settlement of the claim is an adjudication which is conclusive."

This was also held in *Colusa County v. DeJarnett*, 55 Cal. 373, under § 4046 Pol. Code, which authorizes the county commissioners to examine, settle and allow all accounts, legally chargeable against the county, and order warrants to be drawn on the county treasurer therefor, and provide for the issuing of the same.   This authority is substantially the same that is given to the county commissioners by our statutes.

Section 1, ch. 119, Laws of 1893 (p. 280), in defining the duties of the county auditor, provides that—

" He shall audit all claims, demands and accounts against the county which by law are chargeable to said county, except such cost or fee bills as are by law to be examined and approved by some other judicial tribunal or officer. Such claims as it is [not] his duty to audit shall be presented to the board of county commissioners for their ex-

41—17 WASH.

amination and allowance. For claims allowed by the county commissioners, as also for cost bills and other lawful claims duly approved by the competent tribunal designated by law for their allowance, he shall draw a warrant on the county treasurer, made payable to the claimant or his order," etc.

It pretty conclusively appears from the statute in relation to the duties of the auditor, and from those in relation to the duties and powers of the board of county commissioners, that when the board has approved bills which they have the legal right to approve, it is the duty of the auditor, without further question, to issue the warrants for the same.

In this case, it appearing that the bill was a bill which was properly presented to the county commissioners for their investigation and approval or rejection, and it appearing that the said bill had been duly approved by the board, it must be presumed, although we will not go so far as the California court and say " conclusively presumed," that the bill was presented to the county commissioners sufficiently in detail for their intelligent action. If there are any legal objections to the payment of this bill they can be set up by answer, as was done in the case of *Barnett v. Ashmore, supra,* where it was alleged that the court had no legal authority to make the order which was made in that case.

The judgment will be reversed with instructions to overrule the demurrer to the complaint.

REAVIS, ANDERS and GORDON, JJ., concur.