[No. 6743. Decided October 19, 1907.]

R. O. REED, *Respondent,* v. MATT H. GORMLEY, *as Treasurer of King County, Respondent,* and HELEN MOORE HUBBELL, *as Administratrix, etc., et al., Appellants.*[1]

COUNTIES — COUNTY BOARDS — POWERS — EMPLOYMENT OF ATTORNEYS. The county commissioners are empowered to employ counsel other than the prosecuting attorney to prosecute suits on behalf of the county to secure an escheat, under Bal. Code, § 342, giving them general power to prosecute actions for the county, and Bal. Code, § 466 expressly providing that they may employ counsel other than the prosecuting attorney when they deem it for the best interest of the county.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 26, 1907, upon findings in favor of the plaintiff, in an action by a taxpayer to enjoin the payment of county warrants, after a trial on the merits before the court without a jury. Reversed.

*Wright & Kelleher* and *Ballinger, Ronald, Battle & Tennant,* for appellants.

*Kenneth Mackintosh, R. W. Prigmore,* and *Blaine, Tucker & Hyland,* for respondents.

DUNBAR, J.—This action arises out of a contract with the board of county commissioners of King county, made with one H. H. Eaton, attorney at law, by which Eaton was employed by said board in behalf of the county to conduct any proceedings necessary to secure the escheat of estates. By the terms of the contract, which it is not necessary to set forth in this opinion, Eaton was to have as compensation for his services an amount equal to one-half of the value of the estate which he procured to be escheated. In due course Eaton appeared

[1]Reported in 91 Pac. 1093.

in behalf of the county in probate proceedings upon the estate of Nellie Lawton, deceased, and secured a decree distributing the estate to the state of Washington. After such decree of distribution, appraisers were appointed as provided in the contract, and the real property thus escheated was appraised at $14,000. Eaton subsequently filed with the county commissioners his claim for $7,000 pursuant to his contract. Such claim was duly audited and allowed by the county commissioners, and fourteen county warrants for $500 each were issued to him in payment thereof. The plaintiff brought this suit as a taxpayer of King county to enjoin the payment of the warrants, alleging the invalidity of the acts of the county commissioners.

The eleventh finding of fact is as follows:

"That before making said contract the board of county commissioners consulted the prosecuting attorney of King county regarding the legality thereof, and were advised by the said prosecuting attorney of King county, W. T. Scott, Esq., in writing, that·the said contract was legal and that the said board of county commissioners in making the said contract and in auditing the said claim and instructing the auditor to issue said warrants acted in good faith."

So that, so far as this case is concerned, it must be considered upon the theory that no fraud was perpetrated by the board of commissioners in entering into the contract in question, but that the contract was entered into in good faith, and for the best interests of the county according to the judgment of the commissioners. The court entered a decree enjoining the payment of the warrants in controversy, and from this decree this appeal is taken.

The question upon which this case must be decided is, did the county commissioners of King county have power to make the contract with Eaton which they did make? The contention of the respondent is that this contract was beyond the authority of the commissioners, the law making it the especial duty of the prosecuting attorney to attend to such

business as Eaton was employed to attend to; that the contract of employment could not be made without impinging upon the rights and duties of the prosecuting attorney under the law; and this view of the law was taken by the honorable trial court. An examination of the authorities and of our statutes convinces us that this was a mistaken view, and that the almost universal law in jurisdictions where the statute is similar to ours is to the effect that the county commissioners have authority to bind the county in the employment of special counsel. The announcement in the American Digest, vol. 13, Century edition, page 1469, §179, is to the effect that the county board has power to employ counsel other than the official attorney to defend the county's interests in special suits, and many authorities are cited which sustain the announcement. Many other cases might be cited to sustain the same doctrine. In *Lassen County v. Shinn*, 88 Cal. 510, 26 Pac. 365, 366, the court said:

"It is settled law that where a county has legal business to be transacted, its board of supervisors may employ counsel, other than the district attorney, to transact the business, if in the judgment of the board the public interest will thereby be subserved,"

proceeding to give many reasons to sustain the rule. In *Ellis v. Washoe County*, 7 Nev. 291, it was said:

"The only question to be determined then is, whether the commissioners possessed the authority so to bind the county. This particular power is not given in express terms, but the power 'to control the prosecution or defense of all suits to which the county is a party,' which is given in subdivision 12 of § 8, laws of 1871, clearly embraces the power to employ counsel to protect the interest of the county. Litigation can only be controlled by means of attorneys having the authority to appear in the courts; hence, to give full effect to this power, the commissioners must in the very outset have the power to employ counsel. Nor is it any answer to say that the law designates and provides an attorney for that purpose—the district attorney; for it is not unfrequently the case that he may be unable to attend to the business of the

county, or its interests in some particular suit may be of such magnitude that the assistance of other counsel would be very desirable, or possibly indispensable."

But, outside of authority and cited cases, we think the question is absolutely determined by the necessary construction to be given to the statute, and by the decisions of this court. Bal. Code, § 342 (P. C. § 4098), defines the general powers and duties of county commissioners, and subdivision 6 of such section provides: .

"To have the care of the county property and the management of the county funds and business, and in the name of the county to prosecute and defend all actions for and against the county, and such other powers as are or may be conferred by law."

Under this provision of the statute, under the rule announced by this court in *State ex rel. Whitney v. Friars*, 10 Wash. 348, 39 Pac. 104; *Dillon v. Whatcom County*, 12 Wash. 391, 41 Pac. 174; *State ex rel. Sheehan v. Headlee*, 17 Wash. 637, 50 Pac. 493; *State ex rel. Porter v. Headlee*, 19 Wash. 477, 53 Pac. 948; *American Bridge Co. v. Wheeler*, 35 Wash. 40, 76 Pac. 534, the power must be held to have been granted to the county commissioners to employ counsel when they deem it necessary to subserve the best interests of the county.

But to show conclusively that it was not the legislative intent that this duty should be imposed exclusively upon the prosecuting attorney, Bal. Code, § 466 (P. C. § 4188), in enumerating the duties of the prosecuting attorney, provides that:

"Each prosecuting attorney shall be the legal adviser of the board of county commissioners for the county for which he was elected; he shall also prosecute all criminal and civil actions in which the state or his county may be a party, defend all suits brought against the state or his county, and prosecute all forfeited recognizances, bonds, and actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county: *Provided*, The commissioners of

any county may employ other attorneys, when they may deem it for the interest of their county."

In *Martin v. Whitman County*, 1 Wash. 533, 20 Pac. 599, the power of the board of county commissioners to make contracts similar in their scope and effect to the contract in question was sustained by this court under the general provisions of § 342. It is conceded by the respondent that the law as announced in *Martin v. Whitman County* sustains the appellant's contention, but it is insisted that the scope of the law has been changed and limited by the enactment of chapter 5 of the laws of 1891, defining the duties of the prosecuting attorney, which, in effect it is claimed, did away with the proviso attached to § 466, empowering the commissioners to employ other attorneys when they deem it for the interests of their county, and that therefore the case of *Martin v. Whitman County*, which was tried before the enactment of 1891, is no longer the law of the state. In addition to the fact that the case of *Martin v. Whitman County* was not based upon the proviso attached to § 466, we are unable to discover any legislative intent in the enactment of 1891 to repeal in any manner the provisions of § 466. It not appearing that any fraud or collusion was indulged in in making the contract, the county commissioners acted within the powers conferred by law, and the court erred in restraining the collection of the warrants.

The judgment will therefore be reversed, and the cause remanded with instructions to proceed in accordance with the views expressed in this opinion.

Hadley, C. J., Fullerton, Mount, Root, Crow, and Rudkin, JJ., concur.