[No. 15242.   Department One.   May 31, 1919.]

THE STATE OF WASHINGTON, *on the Relation of George Dysart et al., Respondents,* v. BERTHA S. GAGE, *as Auditor of Lewis County, Appellant.*[1]

SCHOOLS AND SCHOOL DISTRICTS (25-1)—POWERS OF BOARD—EM-
PLOYMENT OF COUNSEL. Rem. Code, § 4423, granting broad corporate
powers to school districts, includes the right to employ special coun-
sel, where the prosecuting attorney could not properly represent
antagonistic interests of the several districts involved and urgent
necessity existed for special assistance; notwithstanding Rem. Code,
§ 116, makes the prosecuting attorney the legal adviser of all school
districts.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered November 7, 1918,
in favor of the plaintiff, upon overruling a demurrer
to the complaint, in an action to compel the issuance
of salary warrants for legal services rendered a school
district.   Affirmed.

*Herman Allen* and *J. H. Jahnke,* for appellant.

*A. A. Hull,* for respondents.

MACKINTOSH, J.—The relators ask for a writ of
mandate to compel the auditor of Lewis county to is-
sue warrants to them in compensation for legal serv-
ices performed for school district No. 78, of Lewis
county, these services having been rendered at the
request of the directors of that district.   School dis-
tricts numbers 35, 57 and 78, acting upon the advice of
the prosecuting attorney of the county, attempted to
form a consolidated district, as provided by law, and,
in pursuance of that advice, held an election to vote
upon that consolidation and attempted to bond the
consolidated district, and, still in compliance with the

[1]Reported in 181 Pac. 855.

advice of the prosecuting attorney, built a schoolhouse, which was situated in district No. 78, and incurred an indebtedness therefor of approximately $10,000. When the bonds had been voted upon and the schoolhouse had been nearly completed, the officers of the consolidated district were advised that the bonds were illegal, and that the purported consolidated district had been illegally formed. Thereafter the directors of school district No. 78 consulted with the relators, and upon the advice of the prosecuting attorney, employed the relators to protect the rights of the district and to straighten out its affairs. Pursuant to that employment, the relators commenced actions which resulted in the restraining of the officers of the purported consolidated district from any further functions, and rendered such further legal services as to result in the taking over of the school house by district No. 78, and validating the indebtedness of that district. Further legal services were rendered which resulted in unraveling the tangle in which the district affairs had become involved. The directors of the school district approved of the bill rendered by the relators for their services and requested the appellant, as auditor of Lewis county, to sign and register the warrants drawn in payment of such services. The appellant refused to comply with that request.

This action having been commenced, the appellant demurred to the complaint, and the demurrer having been overruled, brings this appeal.

The appellant asserts her refusal to sign and register the warrants to be based upon the fact that Rem. Code, § 116, provides:

"The prosecuting attorney of each county shall have authority and it shall be his duty, subject to the supervisory control and direction of the attorney general, to appear for and represent the state and the

county and all school districts in the county in which he is a prosecuting attorney, in all criminal and civil actions and proceedings in such county in which the state or such county or such school district is a party''

and that, under this section, directors of school districts are not authorized to employ counsel, but must rely upon the services of the prosecuting attorney of the county; and claims that this case is not to be distinguished from the case of *State ex rel. State Board of Medical Examiners v. Clausen,* 84 Wash. 279, 146 Pac. 630, where we held that the state board of medical examiners had no authority to employ special counsel to prosecute violations of the statute relating to the practice of medicine.

It would seem that the power of the state board of medical examiners and the power of directors of school districts to employ counsel are not of a parity. The state board of medical examiners is not a municipal corporation, but is a board in the nature of a state office, and the act creating it gave it no authority greater than that possessed by all state officers, who must look to the *Attorney General* as their legal adviser. Moreover, in the case of *State ex rel. State Board of Medical Examiners v. Clausen,* above, the state board of medical examiners was shown to be endeavoring to employ private counsel to prosecute criminally those whom the board claimed were violating the criminal statutes. This it could not do, for the prosecution of criminal actions has been placed in the hands of the *Attorney General* and the various prosecuting attorneys of the state. The act which creates school districts constitutes them municipal corporations. Title 3, chapter 2, article 2, section 2, chapter 97, Laws of 1909, p. 265, provides:

''A school district shall constitute a body corporate and shall possess all the usual powers of a corporation

for public purposes, and in that name and style may sue and be sued, purchase, hold and sell such personal and real estate, and enter into such obligations as are authorized by law; and the title to all school buildings or other property, real or personal, owned by any such school district shall, upon the organization of a district under the provisions of this act, vest immediately in the new district, and the board of directors of such school district shall have exclusive control of the same for all purposes herein contemplated." Rem. Code, § 4423.

This is a delegation of broad corporate powers and must include the right to employ special counsel when, as here, the prosecuting attorney cannot act and the necessity for legal aid is urgent. The statute heretofore referred to regarding the prosecuting attorneys is merely a definition of their powers, and does not attempt to restrain, modify, or define the powers of boards of school directors.

In the case at bar, a recital of the facts demonstrates that the prosecuting attorney advised the board of school directors of district No. 78 to employ the relators, and it is apparent that the proper attention to the affairs of the district demanded that counsel be procured to represent it, and the prosecuting attorney, being the adviser of all the school districts, could not, in the nature of things, properly represent the interests of this district when they had become antagonistic to the interests of the two other districts with which a consolidation had been attempted. An urgent necessity existed for procuring special assistance, and it was only in meeting this necessity and upon the advice of the prosecuting attorney that the relators were employed. Under such circumstances, the board of school directors had authority to enter into the contract of employment and the relators are entitled to their compensation, which, it is admitted,

is in a reasonable sum. The reasoning in the case of *Wiley v. Seattle,* 7 Wash. 576, 35 Pac. 415, 38 Am. St. 905, and *Reed v. Gormley,* 47 Wash. 355, 91 Pac. 1093, would seem to confirm our position in this case.

The judgment of the lower court is affirmed.

MITCHELL, MAIN, FULLERTON, and TOLMAN, JJ., concur.