[No. 20394.   Department Two.   January 8, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Jefferson County et al., Plaintiffs,* v. SUPERIOR COURT FOR JEFFERSON COUNTY, *Respondent.*[1]

[1] COUNTIES (98)—DISTRICT AND PROSECUTING ATTORNEYS (6)— APPEARANCE AND REPRESENTATION BY ATTORNEY. The county commissioners having employed special counsel to represent the county and being entitled to control litigation irrespective of the prosecuting attorney, the latter has no right to appear in a case settled by the county commissioners and to seek the settlement of a statement of facts upon which to base an appeal to the supreme court.

Application filed in the supreme court December 11, 1926, for a writ of mandate to compel the superior court for Jefferson county, Ronald, J., to certify a statement of facts on appeal.   Denied.

*A. Henry Packard,* for relators.

*Chadwick, McMicken, Ramsey & Rupp,* for respondent.

ASKREN, J.—This application is for a writ of mandate to compel the trial court to certify a statement of facts.

From a meager record brought to this court, supplemented by oral statements at the time of the argument, it appears that the Puget Mill Company, a corporation, brought an action against Jefferson county to determine the amount of taxes due from it.   After suit was brought, the county commissioners deemed that the action should be compromised and settled for a sum greater than that admitted to be owing by the mill company, and less than the amount claimed by the county.   The prosecutor refused to sanction or ap-

¹Reported in 252 Pac. 102.

prove such an agreement, and the county commissioners thereupon by contract employed A. R. Coleman as special attorney to represent the county in the matter. The stipulations of the parties to the suit were filed with the court and judgment was entered in accordance therewith, and the amount thereof paid to the county in satisfaction thereof. The prosecutor, deeming that the county commissioners had no right to compromise the case, had a statement of facts prepared and requested certification thereof, which was refused, and application thereupon made for the writ of mandate.

In this court the action of the trial court in refusing to certify the statement of facts has been sought to be upheld upon two main grounds: (a) that the prosecutor has no right of appeal, since he represents the commissioners who do not wish to appeal, and (b) that the prosecutor is not such a party to the proceeding as to have a right to the certification.

[1] As to the right of appeal, it is urged by respondents that, since the judgment has been satisfied by the acceptance of the amount thereof by the county, there is no right of appeal. The petitioner has urged that the right of a party to a bill of exceptions or statement of facts is not necessarily dependent upon the right to appeal. We do not now determine this question, since it is unnecessary to a decision here, but turn immediately to the question of the right of the prosecutor as a party to the action to require the certification. This depends upon the status of the prosecutor as to the case. We have seen that, because of a dispute between the prosecutor and the commissioners, they appointed a special attorney to represent them in this action. That they had the right to do so is established by our decisions and conceded by counsel. *Reed v. Gormley,* 47 Wash. 355, 91 Pac. 1093; *State ex rel. Dysart v. Gage,* 107 Wash. 282, 181 Pac. 855.

We have also held that the right of the commission-ers to control the litigation extends to the point of the right to dismiss an appeal, even against the wishes of the prosecutor who has represented the county in the action. *Prentice v. Franklin County*, 54 Wash. 587, 103 Pac. 831. What, then, is the relation of the prose-cutor to the particular case? It is no more than that of a stranger to the proceedings. He neither repre-sents the county, controls the litigation, nor is the court bound to permit him to take any part therein. It appears that the prosecutor was present at the hear-ing, but, in being so present, he represented no party to the action, and was present by sufferance of the court. Manifestly, then, he is not a party to the pro-ceeding, and as such entitled to any action from the court in connection with the certification of the record.

The relator's objection to the compromise and ad-justment of the suit appears to be based upon § 11276 Rem. Comp. Stat. [P. C. § 6983], which provides:

"That boards of county commissioners shall at no time have any authority to change the valuation of the property of any person or to release or commute in whole or in part the taxes due on the property of any person."

Whether the action of the commissioners in stipu-lating for a reduction of taxes after suit brought comes within the purview of this section, or their ac-tion in that respect is such as to be the subject of a suit at the behest of an interested taxpayer, we do not de-termine.

The writ is denied.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.