## LIABILITY FOR THE EXPENSE OF TESTING A LAW AFFECTING A PUBLIC BOARD.

Court of Appeals for Hamilton County.

THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF CINCINNATI v. THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF CINCINNATI, SIMEON JOHNSON, WILLIAM THORNDYKE ET AL.*

Decided, January 30, 1915.

*Office and Officer—Test of the Constitutionality of an Act—Reducing Membership of the School Board—Counsel Fees and Expenses Properly Paid Out of the Public Funds.*

The enactment of a small school board for Cincinnati, which displaced the large board in control of the public schools for a long period, rendered the question of the constitutionality of the new law one of public interest, and the city solicitor having properly elected to uphold the new law, it became competent for the old board to employ counsel to test the question of their continued legal existence; and the expenses incurred in good faith in the litigation which followed were a proper charge against the public funds, notwithstanding the issue was finally determined in a quo warranto proceeding involving the members of the old board individually.

*Walter M. Schoenle,* City Solicitor, for plaintiff.
*Simeon M. Johnson* and *William Thorndyke,* contra.

JONES (Oliver B.), J.; SWING, P. J., and JONES (Edward H.), J., concur.

Under the terms of Section 4761 of the General Code the city solicitor in the city school districts is made the legal advisor and attorney for the board of education, and as such it is his duty to prosecute actions against members or officers of such board for malfeasance or misfeasance in office and to be the legal counsel for such board in all civil actions brought by or against them, and to conduct such actions in his official capacity. And by Section 4762, General Code, no compensation in

*Affirming *Board of Education* v. *Board of Education,* 17 N.P.(N.S.), 439.

addition to his regular salary shall be allowed him for such services. And by the same sections in school districts other than the city school districts the prosecuting attorney of the county is made the legal advisor of the board of education of the county in which he is serving.

A serious question was raised as to the constitutionality of the act of the Legislature (103 O. L., 275), known as the Jung small school board law, which made provision for a board of education to be composed of either five or seven members for the Cincinnati school district.

The local school board at the time said law was enacted was composed of a member from each ward, and was known as the large school board. If the new law were to be held to be constitutional it became the duty of the large school board to fix the number of members of which it should be composed, and those not holding over were to be elected at the November election. If the law were constitutional the large board would continue in existence, the terms of some of the members expiring their successors would be elected.

Several suits were instituted in the court of appeals and the Supreme Court, having for their object the determination of the constitutionality of the Jung law. The city solicitor had been instrumental in drafting this law, and so committed to its constitutionality undertook to sustain it in the courts. The large school board, at a time when its existence and qualification was unquestioned, by resolution duly passed retained Johnson and Thorndyke as attorneys to act and represent it in maintaining before the courts the unconstitutionality of the Jung law. The resolution retained them particularly to represent the board as special counsel in the mandamus proceeding pending in the court of appeals wherein James G. Fisk was relator and the Board of Education of the School District of Cincinnati was defendant, and directed and authorized them to enter the appearance of the board in said proceedings, to waive the issuance of the alternative writ or any other process in said proceedings to take such steps as they might deem advisable in order to obtain without delay the decision of the proper court upon the constitu-

tionality of the Jung small school board bill; and also to assist any other legal counsel of that board in any suit or proceeding which was then or might thereafter be instituted wherein said board was a party plaintiff or defendant involving the constitutionality or validity of the above law or any question thereunder. It fixed the amount of $1,500 to be paid each of said two attorneys, said sum to be in full for all of said services; and fixed an additional sum of $300 to cover expenses; and that amount, $3,300, was set aside from the contingent fund in the treasury for the purpose of meeting such obligation.

In the proceedings instituted by Fisk, as above referred to, the city solicitor declined to resist the application for a writ of mandamus on the ground that the law in question was unconstitutional, but expressed the willingness to resist that suit on the ground that the relator had a certificate of election from the board of elections which was the proper tribunal to canvass the vote. Messrs. Johnson and Thorndyke appeared in said Fisk case, and also in a proceeding in quo warranto brought on the relation of certain members of the small school board against certain members of the large school board, and in other cases which involved the question of the constitutionality of said law; and the question was finally decided in a quo warranto case sustaining the constitutionality of the law.

The question here is whether these attorneys employed by the large school board should be paid from the school fund. No question is raised as to the amount of compensation or the fact that the service was rendered, the only question being as to the power of the board to incur such expense in proceedings brought or resisted contrary to the official opinion of the city solicitor, their legal advisor. The further point is made that the quo warranto case in which the real service was rendered was an action against members of the large board of education as individuals and should have been resisted by them as individuals, and that any expense incurred should not be paid for out of public funds.

It is true that the quo warranto proceeding was against these members as individuals, but the real question to be determined

was of public interest and was a matter with which the public was deeply concerned, as to the care, management and control of its public schools. The action was brought in this form as the readiest and most effective method of securing a decision from the Supreme Court upon the validity of the law. It was brought by the city solicitor on the relation of members of the small board as individuals and it was proper that it should be defended by competent counsel representing the large board.

There is no question but that the action of the large board in employing counsel was taken in good faith for the purpose of procuring the judgment of the proper court as to their official duties, and that the attorneys so employed by the large board acted in good faith in all of the litigation in which they were concerned in securing a decision on the question of the validity of this law, and that they rendered a public service. Nor is there any question but that such action was necessary, as the city solicitor had properly taken the other side and the court finally sustained his official opinion.

Such unusual employment of counsel has been sustained in *Kloeb, Auditor,* v. *Commissioners,* 4 C.C.(N.S.), 565, and in *State, ex rel Matthews,* v. *Boyden,* 18 C. C., 282.

The final decision of the Supreme Court shows that the suit instituted on the relation of Fisk could have been successfully resisted by the city solicitor as he advised, without necessarily disposing of the constitutional question, and the suit instituted on the relation of Evans in the court of appeals proved to be unnecessary; but the employment was general in its terms, and fixed an entire fee for all services and as above stated, and no question is made but that the amount is proper and not excessive.

Judgment below will therefore be affirmed.