[Civil No. 4319.   Filed January 13, 1941.]

[108 Pac. (2d) 1004.]

## THE INDUSTRIAL COMMISSION OF ARIZONA, Appellant, v. SCHOOL DISTRICT No. 48 OF MARICOPA COUNTY, Appellee.

Mr. Rouland W. Hill and Mr. Howard A. Twitty, for Appellant.

Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellee.

ROSS, J.—The Industrial Commission, through attorneys of its own choosing, brought this action against School District No. 48 of Maricopa County for premiums on workmen's compensation insurance due the state compensation fund. The defendant moved the court to dismiss the action upon the ground that only the attorney general of the state, or the county attorneys acting under his direction, can bring and prosecute such an action. The court granted the defendant's motion and the plaintiff has appealed from the judgment.

The question is one of statutory construction. Section 56–969, which is part of the workmen's compensation law (sections 56–901 to 56–977, Arizona Code, 1939), is relied upon by the defendant as governing the situation. It reads:

"56–969. *Duty of attorney-general and county attorneys.—Upon the request of the commission* the attorney-general, or, under his direction, any county attorney of any county, shall institute and prosecute the necessary actions or proceedings for the enforcement of any of the provisions hereof or for the recovery of any money due the state compensation fund or accident benefit fund, or any penalty provided for, arising within the county in which he was elected, and shall prosecute or defend in like manner all actions or proceedings brought by or against the commission, or the members thereof in their official capacity. The

commission may compromise any action brought under this article.'' (Italics ours.)

The authority conferred upon the attorney general by this statute was given to him in the original act providing for workmen's compensation, passed as chapter 83, Laws of 1925, and was an extension of his powers and duties as theretofore provided in section 4–502. By chapter 30, Laws of 1931, there was added to section 4–502, section 4–503, which conferred on the attorney general additional powers and duties and, at the same time, gave the Industrial Commission power to employ its own attorneys. Such section reads:

"4–503. *Legal advisor of departments.*—The attorney-general shall be the legal advisor of all departments of the state, and shall give such legal service as such departments may require. *With the exception of the industrial commission,* no official, board, commission, or other agency of the state, other than the attorney-general, shall employ any attorney or make any expenditure or incur any indebtedness for legal services. The attorney-general may, when the business of the state requires, employ assistants.'' (Italics ours.)

Prior to the passage of this last act, the legal advisor of the plaintiff was the attorney general and his assistants. Since its passage, the Industrial Commission has appointed its own legal advisors, who have also represented it in any and all of its litigation.

■ The attorney general of Arizona is a constitutional officer and his powers and duties are "prescribed by law.'' *Shute* v. *Frohmiller,* 53 Ariz. 483, 90 Pac. (2d) 998, 1001.

Taking the above statutes together, it is contended by defendant that they confer exclusive power upon the attorney general and the county attorneys of the state acting under his direction to institute and prosecute actions for the Industrial Commission, while

plaintiff maintains it is expressly, or at least impliedly, given the power to employ its own attorney and pay him for his services.

■ The compensation law empowers the Industrial Commission to sue and be sued in its own name in all actions or proceedings arising out of or relating to the state compensation fund. Sec. 56–904. In section 56–920 it provides for the state compensation fund, which is made up of premiums and penalties paid thereon by the employers of the state for their own protection against liability to employees. The state is without liability beyond the payment of losses sustained on account of such fund and the expenses incident to its administration. It is provided therein that

" . . . The commission shall have full authority over the fund, and may do all things necessary or convenient in the administration thereof, or in connection with the compensation business to be carried on by it hereunder, and shall adopt rules and regulations for the collection, maintenance and disbursement of the fund."

This compensation fund is a trust fund the state has undertaken, through the agency of the Industrial Commission, to collect and distribute as in the compensation law prescribed. It is not made up of taxes levied and collected upon the citizenry at large but is collected from employers in the way of insurance premiums. While it is a public fund as against everybody except the employer and the employee, as to them it is a private trust fund to be administered for their use and benefit by the Industrial Commission.

One of the reasons for excepting the Industrial Commission from the prohibition against employing an attorney, as set out in section 4–503, doubtless was that the fee or salary of the attorney for the commission was not a state charge and was not paid out of money collected by general taxation. Another rea-

son for the exception in favor of the Industrial Commission, more cogent than the first, is that the power of the attorney general under section 56–969, *supra,* can be exercised by him only "upon the request of the commission." In other words, the attorney general was a source the commission could call upon for legal advice, or to bring and prosecute actions and proceedings in the courts of the state if and when the commission wanted or needed such help, and was, perhaps, the exclusive source until the legislature enacted section 4–503, *supra.* *Crane* v. *Frohmiller,* 45 Ariz. 490, 45 Pac. (2d) 955. Since then, the commission has had and has exercised the power and authority to employ its own attorney and pay him for his services out of the state compensation fund as an incidental expense in the administration of such fund.

■ Nor do we discover anything in the law limiting the powers and duties of such attorney to giving the commission legal advice only. We think the power granted to the commission to employ attorneys confers on it the right to use such attorneys' services in the bringing of actions and proceedings in connection with the compensation fund, or in its defense when sued; and that the commission may also call upon the attorney general if and when it desires or needs his help or advice.

■■ This construction gives meaning to both of the above statutes, which is what should be done if possible. It accords also with the general legislative policy manifest in the compensation law of conferring on the commission "full authority over the fund" with power to "do all things necessary or convenient in the administration thereof, or in connection with the compensation business to be carried on by it hereunder." Sec. 56–920, *supra.*

For the above reasons, we think the court committed error in dismissing the action, and the judgment is reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.