[Civil No. 4511. Filed June 22, 1942.]

[127 Pac. (2d) 130.]

STATE OF ARIZONA ex rel. JOE CONWAY, Attorney General, Plaintiff, v. JOE HUNT, State Treasurer, Defendant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Plaintiff.

ROSS, J.—On a motion for a rehearing by the Attorney General, it is made to appear that on May 1, 1942, the legislature. enacted Chapter 23, Laws of the First Special Session, as an emergency measure, amending section 6, Chapter 44, Session Laws of 1941, Regular Session, to read as follows:

"6. *Payment of maintenance.* In the event a person is received by the state hospital whose estate is chargeable with his maintenance, the court shall fix the amount to be charged, and the state hospital, through the business manager, shall collect all moneys due therefor. Moneys so collected, moneys collected for the care of voluntary patients and, when and as collected, moneys due from the United States or any agency or instrumentality thereof for the confinement, care, or maintenance of Indian wards of the government or other persons committed pursuant to federal action are appropriated to the state hospital for the insane, for the operation and maintenance fund. When collected they shall be paid to the state treasurer, through the state auditor."

and further providing:

"Sec. 3. *Retroactive effect of act.* The provisions of section 6, chapter 44, Session Laws of 1941, regular session, as amended by this Act, are retroactive. They shall apply to all moneys referred to therein which would have been due the hospital on the effective date of chapter 44, Session Laws of 1941, regular session, to the same extent as if the section as amended by this Act had been in effect on that date, and to all such moneys which have become due subsequently thereto."

This amendment, while in effect on the date of our opinion (June 1, 1942), was not called to our attention. It is apparent from its language that the legislature was endeavoring to appropriate to the state hospital for the insane the specific sums going to make up the item of $5,431.00 left in the general fund of the

state by former legislative acts. There exists no reason, so far as we know, why this could not be done. The fund belonged to the state and until spent or lawfully contracted was subject to the legislative will.

The judgment heretofore rendered is vacated and set aside and judgment is ordered directing the state treasurer (Joe Hunt) to credit said sum of $5,431.00 to the state hospital fund as provided by Chapter 23, *supra*. In other words, the alternative writ is made peremptory.

LOCKWOOD, C. J., and McALISTER, J., concur.