422 P.2d 123

**Darrell F. SMITH, The Attorney General of the State of Arizona, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona In and For the COUNTY OF COCHISE, and Anthony T. Deddens, Judge of the Superior Court, Respondents.**

**No. 8904.**

Supreme Court of Arizona.

In Banc.

Jan. 5, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for petitioner.

Anthony T. Deddens, Judge, in pro. per.

PER CURIAM.

Petitioners seek a writ of prohibition denying Superior Court Judge, Anthony T. Deddens, jurisdiction to order petitioner, Attorney General Darrell F. Smith, to prosecute a criminal action against one Rodrigo V. Trevino in Cochise County.

Art. 6, Sec. 4 of the Constitution of the State of Arizona, A.R.S. provides the Supreme Court with the power to issue writs of prohibition where "necessary and proper to the complete exercise of its ap-'

pellate and revisory jurisdiction". This case, bringing into question the lawful administration of the Attorney General of this state, is a proper one for the exercise of such jurisdiction.

Judge Deddens in Cause No. 7141, entitled State of Arizona v. Rodrigo V. Trevino in the Superior Court of Cochise County found that there would be a "conflict of interest" should the county attorney, Richard J. Riley, be allowed to prosecute the above entitled action dealing with false voter registration. He based his finding on the fact that the defendant in the above action was acting as an alternative foreman on the Cochise County Grand Jury at the time the charges arose. He reasoned that since the county attorney, Riley, had been acting in the capacity of legal advisor to the same Grand Jury, a conflict of interest would necessarily arise. Pursuant to his finding, the Judge ordered that Richard J. Riley and members of his staff be excluded from representing the State in all proceedings in the above prosecution. At the same time he made the following order:

"It is the order of this court that the Honorable Darrell F. Smith designate and appoint a qualified member of his staff who is hereby ORDERED and directed to conduct the prosecution of all matters affecting the above entitled case before this Court and to represent the State of Arizona therein."

■ The issue before this court is whether Judge Deddens had jurisdiction to make this latter order. A reading of the case of Arizona State Land Dept. v. McFate, 87 Ariz. 139, 348 P.2d 912, and the statutes of this state makes it clear that he did not.

■■ In Arizona State Land Dept., supra, we stated that the Attorney General has no common law power but is to exercise only those powers conferred by the Constitution or by statute. There is nothing in our Constitution or statutes which empowers judges of the Superior Court to direct the Attorney General to prosecute criminal proceedings at the trial court level.

A.R.S. § 41–193, subsec. A provides in part as follows:

"A. The department of law shall be composed of the attorney general and the subdivisions of the department created as provided in this article. Unless otherwise provided by law the department shall: * * *

"2. At the direction of the governor or when deemed necessary by the attorney general prosecute and defend any proceeding in a state court other than the supreme court in which the state or an officer thereof is a party or has an interest. * * *

"5. At the direction of the governor, or when deemed necessary, assist the county attorney of any county in the discharge of his duties. * * *"

A.R.S. § 11–532 concerning the duties of a county attorney provides in part as follows:

"A. The county attorney is the public prosecutor of the county. He shall:

1. Attend the superior and other courts within the county, and conduct, on behalf of the state, all prosecutions for public offenses."

■■ The above statutes make it clear that the primary responsibility for prosecuting criminal actions at the trial court level rests with the county attorney and that the Attorney General can be *directed* to take over these duties only upon specific action taken by the Governor. That the Attorney General may act when he deems it necessary does not answer the present issue, as the question before us is not whether the Attorney General should have acted in the present instance but whether a Superior Court Judge can direct him to do so. We find that Superior Court Judges are without power to take such action and consequently grant petitioner's writ of prohibition.

Peremptory writ of prohibition granted.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.