453 P.2d 544

**The COUNTY OF COCHISE, State of Arizona, a body politic, ex rel. Richard J. RILEY, County Attorney of Cochise County, Appellant,**

v.

**Joe G. GOOD and American Employer's Insurance Company, Appellees.**

**No. 2 CA–CIV 582.**

Court of Appeals of Arizona.

April 25, 1969.

Rehearing Denied May 26, 1969.

Review Denied July 1, 1969.

See also 9 Ariz.App. 388, 452 P.2d 715.

Richard J. Riley, Bisbee, County Atty., for Cochise County, by Alan L. Slaughter, Bisbee, for appellant.

W. Shelley Richey, Douglas, Wesley E. Polley, Bisbee, for appellees.

JOHN A. McGUIRE, Judge of the Superior Court.

This is an appeal from a judgment of dismissal following the granting of a motion to dismiss. The complaint filed by the county attorney of Cochise County on February 2, 1967, against Joe G. Good, a supervisor of that county and the surety on his official bond, alleges that it is brought pursuant to the provisions of § 11–223 A.R.S. and further alleges in substance that Good, while a supervisor, sold non-existent automobile tires as well as certain real tires at an improperly high price to Cochise County, and that this was done in the name of two dummies named in the complaint.

It is further alleged that defendant Good had the dummies endorse to him the county warrants received by them and paid them "a few dollars for their trouble."

The trial judge dismissed the suit on motion of the defendants on the ground that the county attorney had no statutory authority to initiate an action in the name of the county without prior permission from the Board of Supervisors and that therefore it was unnecessary to determine the constitutionality of A.R.S. § 11–223, which had been challenged in the motion to dismiss.

■ This section is as follows:

"Misconduct by supervisor; penalty

"A supervisor who neglects or refuses to perform any duty imposed on him with-

out just cause, or who wilfully violates any law provided for or relating to the office of supervisor, or fraudulently or corruptly performs any duty imposed upon him by law, or wilfully, fraudulently or corruptly attempts to perform an act as supervisor unauthorized by law, in addition to other penalties or punishment prescribed, shall forfeit to the county five hundred dollars for every such act, which may be recovered on his official bond, and is further liable on his official bond to any person injured thereby for all damages sustained."

Hence this applies only to suits against supervisors for misconduct committed by them in their official capacity.

■ Our Supreme Court in Arizona State Land Department v. McFate, 87 Ariz. 139, 348 P.2d 912 (1960), carefully distinguished between the power to "prosecute" and the power to "institute" suits as that power is given to attorneys representing the public, and held that the first does not ordinarily include the second.

The Board of Supervisors and not the county attorney is authorized to:

"* * * 14. Direct and control the prosecution and defense of all actions to which the county is a party, and compromise them * * *" (A.R.S. § 11–251).

Various statutes specifically give to the county attorney the power to institute various legal proceedings (e. g., A.R.S. § 11–641, § 44–1465, § 40–421, § 44–1402 and others).

■ A.R.S. § 11–223 does not expressly grant this authority but can it be reasonably implied? The majority of the Court believes it can. This statute contains no provisions permitting a private individual to bring proceedings under it and unless either the county attorney or The Attorney General has the power, the statute is a dead letter and incapable of enforcement.

To require that the county attorney secure the consent of the Board of Supervisors before initiating such procedure would do violence to the fundamental principle that a man can never be a judge in his own case. It would limit the application of the statute to the rare and unusual situation where but one supervisor was accused of misconduct and the other two members of the Board both directed that suit be brought against him.

In this case it is unnecessary to discuss whether a complaint in an ordinary case on behalf of the county must allege a resolution of the Board authorizing the case, or whether the burden is on defendant to show that the Board disapproves of the county attorney's action.

The sole basis of the trial judge's decision was that there was no statutory authority allowing the county attorney to initiate the action "without prior permission of the Board of Supervisors".

For the reasons above stated this Court rules that this was error.

The judgment of dismissal is reversed and the case is remanded to the Superior Court of Cochise County for further proceedings in accordance with this opinion.

DONOFRIO, C. J., concurs.

STEVENS, Judge (dissenting).

In my opinion the absence of express authority is a legislative problem and not one for judicial grant by interpretation.

The office of county attorney is one of several county offices created by Article 12, § 3 of the Arizona Constitution, A.R.S., as amended. Section 4 of Article 12 provides:

"The duties, powers, and qualifications of such officers shall be as prescribed by law."

The phrase "as prescribed by law" has been interpreted to mean statutory law and not common law, insofar as that phrase appears in the constitutional provision creating the office of attorney general and powers therein. Arizona State Land Department v. McFate, 87 Ariz. 139, 348 P.2d 912 (1960); Smith v. Superior Court, etc., 101 Ariz. 559, 422 P.2d 123 (1967).

The same interpretation would seem to hold true with respect to the authority of the county attorney since the provision is almost identically worded. It would follow that the county attorney has only such authority as is conferred upon him by statute.

A.R.S. § 11–532 relates to the duties of the county attorney and provides in pertinent part:

"A. The county attorney is the public prosecutor of the county. He shall: * * * 4. Draw indictments and informations, defend actions brought against the county, *prosecute* actions to recover recognizances forfeited in courts of record, and actions for recovery of debts, fines, penalties and forfeitures accruing to the state or county. * * * 9. Act as legal advisor to the board of supervisors, attend their meetings and oppose claims against the county which he deems unjust or illegal." (Emphasis added.)

Although, at first glance the above-quoted provision would seem to vest the county attorney with authority to prosecute the instant action to recover the forfeiture specified in A.R.S. § 11–223, a reading of numerous other provisions indicates that the term "prosecute" is not synonymous with "institute" or "commence" and that the authority of the county attorney to prosecute does not give him standing to initiate an action as in the instant case.

A.R.S. § 11–641 relates to money illegally paid by the Board of Supervisors. Subsection B provides that where the Board orders the payment of money without authority, "* * * the county attorney shall *institute* an action in the name of the county * * *." (Emphasis added.)

Subsection C provides:

"The board may not dismiss, compromise or in any way control such action."

This provision appears to be the only statutory section recognizing an exception to the broad grant of authority to the Board of Supervisors to control all actions to which the county is an interested party.

A.R.S. § 44–1402 relates to the forfeiture of a corporate charter in the event a corporation violates provisions concerning combinations in restraint of trade. Subsection B provides:

"The attorney general or the county attorneys, or both, shall *institute* civil and criminal actions to enforce the provisions of this article." (Emphasis added.)

A.R.S. § 44–1465 relates to the duty of the county attorney to bring actions to enjoin violation of the Unfair Sales Act:

"* * * The county attorneys, in the respective counties, shall *institute* proceedings to prevent and restrain violations." (Emphasis added.)

A.R.S. § 40–421 relates to violations by public utilities and carriers. Subsection B provides:

"B. Upon request of the commission, the attorney general, or the county attorney of the proper county, * * * shall *institute* and *prosecute* actions or proceedings * * *." (Emphasis added.)

A.R.S. § 3–465 relates to violations of citrus fruit standardization provisions and provides:

"The county attorney of each county in which a violation of this article occurs shall * * * at the request of the enforcing officer or his authorized agents *institute* and *prosecute* such action as may be authorized by this article." (Emphasis added.)

A.R.S. § 24–917, subsec. A relates to violations of prescribed formulas for animal and bird feeds and provides in part:

"* * * Each county attorney to whom any such violation is reported shall cause appropriate proceedings to be *instituted* and *prosecuted* in a court of competent jurisdiction without delay." (Emphasis added.)

A.R.S. § 12–2042 authorizes the county attorney to bring action in quo warranto:

"An action may be *brought* in the superior court by the county attorney * * *." (Emphasis added.)

A.R.S. § 3–633 relates to the enforcement of provisions relating to dairies and provides:

"The attorney general and the county attorney of each county, upon request, * * * shall *institute* and *prosecute* all actions arising under this article." (Emphasis added.)

A.R.S. § 23–1124, before its repeal in 1968, provided for the enforcement of occupational disease disability provisions:

"Upon request of the commission the attorney general, or under his direction the county attorney of the proper county, shall *institute* and *prosecute* actions for the enforcement of the provisions of this chapter or for the recovery of money due the state occupational disease compensation fund, * * *." (Emphasis added.)

A.R.S. § 37–102 sets forth the powers and duties of the State Land Department. Subsection C provides:

"The department may, in the name of the state, *commence, prosecute* and defend all actions and proceedings to protect the interest of the state in lands within the state or the proceeds thereof. Actions shall be *commenced* and *prosecuted* at the request of the department by the attorney general, a county attorney, or a special counsel under the direction of the attorney general." (Emphasis added.)

All of the foregoing statutes have one thing in common: Each recognizes the authority of the county attorney to "institute" proceedings as distinguished from the authority to "prosecute". The reasonable conclusion to be drawn from this distinction is that when the Legislature intended to give the county attorney standing to bring an action, it did so in express lan-

guage, and that accordingly the statutory authority of the county attorney to "prosecute" actions to recover forfeitures presupposes that an action has been instituted by an officer having proper standing.

The same reasoning was expressed by our Supreme Court in Arizona State Land Department v. McFate, supra, in a case concerning the standing of the Attorney General to bring an action to enjoin the sale of state land by the Arizona State Land Department. One of the statutes involved was A.R.S. § 41–193, subsec. A concerning the powers and duties of The Attorney General. That section reads as follows:

"* * * Unless otherwise provided by law the department shall: * * * 2. At the direction of the governor or when deemed necessary by the attorney general, prosecute and defend any proceeding in a state court other than the supreme court in which the state or an officer thereof is a party or has an interest."

The Supreme Court construed that section, more particularly the term "prosecute", as follows:

"* * * That section presupposes a properly instituted proceeding in which the State or an officer thereof 'is a party or has an interest' and does not permit the Attorney General, in the absence of specific statutory power, to initiate an original proceeding. To hold otherwise would * * * vest him with common law powers contrary to the clear purport of our Constitution and statutes. (citations omitted).

"We recognize that the term 'prosecute' may in some situations, especially with reference to criminal actions, include the power to commence a proceeding, but, as discussed above, that is not the meaning of 'prosecute' in the context of A.R.S. § 41–193, subd. A, par. 2. The distinction between the terms 'commence' and 'prosecute' has been noted by this Court * * and was recognized by the legislature when it authorized the State Land Department * * * to 'commence, prose-

cute and ·defend' actions affecting State lands and directed that such action shall be 'commenced and prosecuted' at the request of the Department by the Attorney General. * * * In addition, where the legislature intended to authorize the Attorney General to initiate proceedings, it had so provided in clear terms. * * *" 87 Ariz. 139 at pages 145, 146, 348 P.2d 912, 916.

The Court went on to cite numerous provisions which provided for the "institution" or "commencement" of actions by the Attorney General. The Court held that the Attorney General was without authority to institute the suit to enjoin the sale of the land.

As previously noted, the present action was brought pursuant to A.R.S. § 11–223. This provision does not, in express language, recognize the authority of the county attorney to institute an action under that section. However, A.R.S. § 11–641 (quoted above), which sets forth a cause of action against a member or members of the Board of Supervisors acting without authority of law, does expressly recognize the authority of the county attorney to "institute an action in the name of the county." It would therefore seem that it was not the intent of the Legislature to vest the county attorney with authority to bring the present action in the name of the county, since there is no express provision therefor.

In my opinion the "forfeit" contained in A.R.S. § 11–223 is not the same as the "forfeiture" contained in A.R.S. § 11–532, subsec. A, par. 4, an opinion on my part which strengthens the views already expressed. I would affirm.

NOTE: This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E. Judge CAMERON having requested that he be relieved, Superior Court Judge JOHN A. McGUIRE was called to sit in his stead.