498 P.2d 512

**SCHOOL DISTRICT NO. ONE OF PIMA COUNTY, State of Arizona, and Board of Trustees of School District No. One of Pima County, State of Arizona, Appellants,**

v.

**Anita LOHR, as County Superintendent of Schools of Pima County, Arizona, Appellee.**

No. 2 CA–CIV 1129.

Court of Appeals of Arizona, Division 2.

June 28, 1972.

Rehearing Denied July 27, 1972.

Review Denied Sept. 26, 1972.

Aboud & Aboud, by John Aboud, Tucson, for appellants.

Rose S. Silver, Pima County Atty., and John R. Neubauer, Chief Civil Deputy County Atty., Tucson, for appellee.

HATHAWAY, Judge.

A summary judgment in favor of the appellee (defendant below) is the subject of this appeal. The appellants (plaintiffs below) filed suit alleging in substance that the Board of Trustees of School District No. One had employed the law firm of Aboud & Aboud as legal counsel for School District No. One "for any and all legal and lawful purposes", that the plaintiffs had duly authorized payment of $2,000 to said attorneys for "general legal counsel fees and legal services", and that the defendant refused to honor the payment of such fee. The defendant's pleading admitted such refusal and alleged in defense thereof that the plaintiffs had no authority to employ and compensate legal counsel. Both parties moved for summary judgment and the court, after consideration of the various pleadings, affidavits and extensive memoranda, granted the defendant's motion.

The trial court found that the plaintiffs had failed to state a claim for relief in that there was no showing that the office of the Pima County Attorney had refused to act for the school board or was incompetent or lacked personnel to perform required legal services, or that there was a conflict of interest on the part of the Pima County Attorney. It therefore ordered that the plaintiffs' complaint be dismissed.

The pivotal question is whether the school board had authority[1] to retain counsel to represent it.

We have held that school boards have only the authority granted by statute, and that trustees must act for the public interest. School District No. 69 v. Altherr, 10 Ariz.App. 333, 458 P.2d 537 (1969). Furthermore, one dealing with a school board is charged with notice of the limitation of its authority. Id. Title 15 of the Arizona Revised Statutes is a comprehensive compilation of statutes dealing with the subject of education. Art. 2 thereof, A.R.S. § 15–431 et seq., pertains to the board of trustees of a school district—its organization, powers, duties, liabilities and conduct of meetings. We find no statutory authority for employment of counsel. The plaintiffs nevertheless argue that A.R.S. § 15–438 and § 15–443, as amended, can be construed as providing the requisite authority.[2] We summarily reject this ar-

---

1. This year the legislature enacted specific legislation conferring such authority.

2. A.R.S. § 15–438:
    "The board of trustees may employ professional personnel deemed necessary for

gument and decline to so distort these statutes which are clearly intended to provide authority to employ those necessary to the operation and maintenance of the schools and the care of pupils.

■ The legislature, however, did provide for legal representation of school districts and boards of trustees thereof in A.R.S. § 11–532, as amended, defining the duties of the county attorney:

"A. The county attorney is the public prosecutor of the county. He shall:

   \*   \*   \*   \*   \*   \*

   10. Act as attorney for school districts and boards of trustees thereof, except in any lawsuits involving a conflict of interest with other county offices at which time the attorney general shall represent the school district and boards of trustees." [3]

A.R.S. § 41–192, as amended, defines the powers and duties of the attorney general and the restrictions on state agencies as to legal counsel. It provides in pertinent part:

"A. The attorney general shall have charge of and direct the department of law, and shall serve as chief legal officer of the state. The attorney general shall:

   \*   \*   \*   \*   \*   \*

4. Represent school districts and boards of trustees in any lawsuit involving a conflict of interest with other county offices.

   \*   \*   \*   \*   \*   \*

E. Notwithstanding any other provision of law to the contrary, no state agency other than the attorney general shall employ legal counsel or make an expenditure or incur an indebtedness for legal services, but the Arizona water commission and the industrial commission shall be exempt from the provisions of this article." [4]

Plaintiffs contend that notwithstanding the use of the word "shall" in the statutes defining the respective duties of the county attorney and the attorney general, the language is permissive only and does not preclude school boards from selecting their own legal counsel. In support of their position they rely on several cases from other jurisdictions which have upheld employment of legal counsel in spite of the fact that a statute designated an official legal advisor. *See, e. g.,* Board of Education of Cincinnati v. Board of Education, 4 Ohio App. 165, 22 Ohio C.C., N.S., 439 (1915); State ex rel. Dysart v. Gage, 107 Wash. 282, 181 P. 855 (1919); Lively v. Board of Education, 115 W.Va. 314, 175 S.E. 784

making surveys and recommendations relating to the curricula, physical plant and other requirements of the district.

A.R.S. § 15–443, as amended:

"A. The board of trustees may at any time after the annual election and the qualification of new members, employ and fix the salaries of teachers, principals, janitors, attendance officers, school physician, school dentist, nurses, and other employees necessary for the succeeding year."

3. Prior to its amendment in 1967, this statute provided only for representation of school districts and boards by the county attorney and made no provision for the contingency of a conflict of interest.

4. In the case of the Arizona State Land Dept. v. McFate, 87 Ariz. 139, 348 P.2d 912 (1960), our supreme court construed the import of A.R.S. § 42–192:

"The above provisions make it clear that the fundamental obligation of the Attorney General is to act as legal advisor to the official agencies of the State. The legal services of his Department *must* be furnished whenever required by a department of the State even in situations where the Attorney General may not agree with the policies pursued by the particular department.

   \*   \*   \*   \*   \*

. . . no State agency, other than the Attorney General and the two named commissions, may expend public funds for legal services, although an agency may authorize a member of the State bar to appear on its behalf . . . so long as State funds are not expended for his services. [Citations omitted]." 87 Ariz. at 143–144, 348 P.2d at 915. (Emphasis added)

·(1934); Ward v. San Diego School Dist., :203 Cal. 712, 265 P. 821 (1928); Hogan v. ·Glasscock, 324 S.W.2d 815 (Ky.1959); .Austin v. Upjohn, 130 Cal.App. 733, 20 P. :2d 735 (1933). We find these cases distinguishable in that the statutory scheme was ·different or the factual circumstances were ·such that the officially designated attorney ·refused to act, or was incapable of or disqualified from acting.

We believe the following view expressed ·in Jaynes v. Stockton, 193 Cal.App.2d 47, .14 Cal.Rptr. 49 (1961) is applicable:

·". . . [A] public agency created by ·statute may not contract and pay for :services which the law requires a designated public official to perform without ·charge, unless the authority to do so clearly appears from the powers express·ly conferred upon it [citations omitted], ·or unless the services required are unavailable for reasons beyond the agency's control, such as inability, refusal or dis·qualification of the public official to act. [Citations omitted]. This rule is based on sound principles. The law will not ·indulge an implication that a public ·agency has authority to spend public funds which it does not need to spend; that it has authority to pay for services ·which it may obtain without payment; ·or that it may duplicate an expenditure ·for services which the taxpayers already have provided. [Citations omitted]." 14 Cal.Rptr. at 54.

Plaintiffs additionally rely on the case of ¯Pima County v. Grossetta, 54 Ariz. 530, 97 P.2d 538 (1939), as support for their position that they had authority to employ counsel. The Grossetta case is clearly dis·tinguishable. Section 881, Revised Code of 1928, defined the duties of the county attorney.[5] Our supreme court noted that the county attorney was only required to defend the county in civil actions but was not required to prosecute such actions on its behalf. Furthermore, there the board of supervisors, by statute, had the power to

"direct and control the prosecution and defense of all actions to which the county is a party, and compromise the same." The court held that this power gave the board of supervisors implied authority in its discretion to employ counsel. We find no like power in school districts and boards as to the direction and control of actions to which the school district and/or board is a party. Furthermore, as to school districts and boards, the county attorney's obligations are broader, i. e., "act as attorney." The only contingency which, by statute, relieves this official of such duty is a conflict of interest and in that event the duty is shifted to the attorney general.

Since an official legal advisor to the plaintiffs was furnished by statute, and no unusual circumstances rendered unavailable the services of such designated advisor, the plaintiffs had no power to employ other counsel.

Judgment affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

---

5. The predecessor statutory counterpart of A.R.S. § 11–532.