530 P.2d 360

**SANTA RITA MINING COMPANY, a corporation, the Flintkote Company, a corporation, Arizona Quarry & Stone Company, a corporation, and Paul Lime Plant, Inc., a corporation, Petitioners,**

v.

**The DEPARTMENT OF PROPERTY VALUATION of the State of Arizona, and the Court of Appeals of the State of Arizona, Division II, Respondents.**

No. 11744.

Supreme Court of Arizona,
In Banc.

Jan. 10, 1975.

Rehearing Denied Feb. 11, 1975.

Williams, Ryan & Herbolich by Michael J. Herbolich, Douglas, for petitioners.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for respondents.

CAMERON, Chief Justice.

This is a petition for special action in which we are asked to order the dismissal of an appeal presently pending in the Court of Appeals, Division Two. We took jurisdiction because of the importance of the question and also because there was no adequate remedy by way of appeal.

We consider only one question: May the Attorney General of the State of Arizona appeal a decision of the Superior Court against the wishes of the state agency allegedly appealing?

The facts necessary for a determination of this case are as follows. The petitioners are limestone mining companies which were classified prior to 1972 by the Department of Property Valuation as "producing mines," taxable at a rate of 60% of cash value. Upon petition in 1972 the Board of Property Tax Appeals reclassified these lime industries as "commercial ventures" taxable at 25% of cash value. Arlo Woolery, the Director of the Department of Property Valuation, directed the Attorney General to appeal the 1972 decision to the Superior Court pursuant to A. R.S. § 42–123(B)(6). The Superior Court found in favor of the petitioners. Mr. Woolery decided not to appeal this 1974 judgment and orally communicated this decision to the office of the Attorney General. The affidavit of James D. Winter, Assistant Attorney General of the State of Arizona in the tax section, states:

"I contacted Mr. Arlo Woolery, Director of the Department of Property Valua-

tion concerning the appeal of Department of Property Valuation v. Santa Rita Mining Company, et al, Cause No. 138066 in the Superior Court of Pima County. When Mr. Woolery informed me that he did not desire to appeal this decision, I asked him why. He explained that the Department was only concerned with valuation and not classification; that we could accept the Superior Court decision as the final decision on the question involved in this case and that the State's resources could be better utilized in other cases."

The Pima County Manager, at the request of the Pima County Board of Supervisors, also asked the Attorney General's Office to appeal the case even though Pima County was not a party to the action in the Superior Court. The Attorney General's Office filed timely notice of appeal. Petitioner's motion to dismiss in the Court of Appeals was denied, and a petition for special action was filed in this court.

Our Constitution states:

"§ 9. Powers and duties of state officers

"Section 9. The power and duties of Secretary of State, State Treasurer, Attorney-General, and Superintendent of Public Instruction shall be as prescribed by law. As amended, election Nov. 5, 1968." Arizona Constitution, Art. 5, § 9, A.R.S.

In discussing the powers of the Attorney General this court has stated:

"But when the constitution provides in the same article in which it creates the office of attorney general that that officer 'shall perform such duties as are prescribed by this Constitution and as may be provided by law' and that his powers and duties 'shall be as prescribed by law,' it cannot be said that the constitution is silent as to his duties and powers. It is true that it does not itself enumerate them but in stating that they shall be 'as prescribed by law' it refers to them and clearly makes it the duty of the legislature to say what they shall be.

* * *" Shute v. Frohmiller, 53 Ariz. 483, 488, 90 P.2d 998, 1001 (1939).

Our statutes read:

"§ 41-192. Powers and duties of attorney general; restrictions on state agencies as to legal counsel; exceptions

"A. The attorney general shall have charge of and direct the department of law, and shall serve as chief legal officer of the state. The attorney general shall:

"1. Be the legal advisor of the departments of the state and render such legal services as the departments require."

A.R.S. § 41-193 reads in part as follows:

"A. The department of law shall be composed of the attorney general and the subdivisions of the department created as provided in this article. Unless otherwise provided by law the department shall:

"1. Prosecute and defend in the supreme court all proceedings in which the state or an officer thereof in his official capacity is a party.

"2. At the direction of the governor or when deemed necessary by the attorney general, prosecute and defend any proceeding in a state court other than the supreme court in which the state or an officer thereof is a party or has an interest."

In his capacity as legal representative of state agencies, this court has upheld the right of the Attorney General to appeal by way of a writ of certiorari from a decision of the Superior Court involving a state department when the department head was silent as to a desire to appeal. The majority in State v. Thomas, 80 Ariz. 327, 297 P.2d 624 (1956) stated:

"The next question before this tribunal is whether the Attorney General has the right on behalf of the State to apply for the writ under the circumstances of this case. We have already determined that the State has the power to do so, but here the narrow question is whether the Attorney General can represent the State

without the permission of the administrative officer whose department has been given the authority to handle such affairs generally. * * *" State v. Thomas, 80 Ariz. 327, 331, 297 P.2d 624, 627 (1956).

The majority went on to hold that the Attorney General could:

"* * * like the Governor, go to the courts for protection of the rights of the people. * * *" State v. Thomas, supra at 332, 297 P.2d at 628.

However, Justice Struckmeyer, joined by Justice Windes, stated:

"I am unable to concur in the disposition of these cases because I do not think that the Attorney General is authorized to either initiate or maintain these actions.

"The Constitution of this State establishes the executive offices of the Governor, Secretary of State, State Auditor, State Treasurer, Attorney General and the Superintendent of Public Instruction, Article 5, Section 1, and provides that the duties of the Attorney General 'shall be as prescribed by law.' Article 5, Section 9. Among the duties of the Attorney General prescribed by statute is the prosecution and defense of causes to which the State is a party. Section 4–607, A. C.A.1939, as amended [A.R.S. § 41–193]. Plainly the statute contemplates that the Attorney General act as the legal representative of the people; so that, whenever the State is a party to a lawsuit, it is the Attorney General who must act as its lawyer. While there may be instances in which the Attorney General must exercise the faculty of judgment which the State as an artificial entity is unable to exercise and determine when an action should be instituted in the name of the State, I do not believe Section 4–607 [A.R.S. § 41–193] was designed or intended to authorize the Attorney General to exercise the power of discretion placed by the Constitution and applicable statutes in other executive and administrative officers. Nor that it

should be so construed that the ultimate power to decide matters pertaining to their offices is shifted to the Attorney General thereby giving him the right to supersede their judgments." State v. Thomas, supra at 335–336, 297 P.2d at 629.

And:

"* * * I therefore am compelled to the conclusion that the Attorney General is not the proper person to decide the course of action which should be pursued by another public officer, nor should he be allowed to maintain a lawsuit at his own instigation under the cloak and in the guise that the action is by the State of Arizona in order to accomplish the same result." State v. Thomas, supra at 337, 297 P.2d at 631.

Later in a case wherein the Attorney General brought suit in the Superior Court against the State Land Department to prevent the department and its commissioner from selling certain parcels of land we said:

"* * * Thus, the Governor alone, and not the Attorney General, is responsible for the supervision of the executive department and is obligated and empowered to protect the interests of the people and the State by taking care that the laws are faithfully executed.

"We recognize that in initiating the instant proceeding the Attorney General sought to have the courts review a matter vitally affected with the public interest, and we commend his vigilance and public spiritedness in this regard. His standing to institute such action, though predicated on the interest of the State and public generally, must, however, be supported by statute. We find no such support in this case.

"We hold that the Attorney General was without authority to initiate the proceeding before the Superior Court to enjoin petitioners from selling the public lands here in issue. * * *" Arizona State Land Department v. McFate, 87 Ariz. 139, 148, 348 P.2d 912, 918 (1960).

In the instant case, the Director of Property Valuation is allowed to litigate on behalf of the State of Arizona. A.R.S. § 42–123(B)(6) provides as part of the powers and duties of the Director of Property Valuation:

"6. Contest any proposed valuation or classification or any proposed change in valuations or classifications before any county board of equalization or before the state board of tax appeals. If any decision of any county board of equalization or of the state board of tax appeals is, in the opinion of the director, erroneous, the director may appeal such decision to the superior court in the manner provided in § 42–151, on or before the final date a taxpayer may file an appeal from the valuation or classification of his property."

The director then may appeal such decision to the Superior Court. He is not required to appeal to the Superior Court but may when, in his opinion, the decision of the board is erroneous. Having the discretion to appeal to the Superior Court, we do not think it unreasonable to hold that he has that same discretion if he is dissatisfied with an opinion of the Superior Court. It would be inconsistent to hold that the Director of Property Valuation has this discretion and then to hold that in exercising this discretion not to appeal that the Attorney General can then appeal against the director's wishes. It is the director's discretion which may be exercised and not the Attorney General's. The Attorney General is the attorney for the agency, no more. In the instant case the Attorney General did not have the power to appeal against the wishes of his client.

The Attorney General contends, however, that this dispute is really one between two political subdivisions of the State, that is between Pima County and the Department of Property Valuation. By characterizing the facts this way and by reading them with A.R.S. § 41–193 [A](2), which empowers the Attorney General to act on behalf of any officer of the State, the At-

torney General attempts to legitimize his appeal of the limestone quarries' classification as an action on behalf of Pima County or its manager. We do not agree.

 In order for a person to be entitled to appeal as a matter of right that individual must be a party to the action in the court from which the appeal is taken. Rule 73(a), Rules of Civil Procedure, 16 A.R.S.; Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965). Pima County was not a party and may not "authorize" the Attorney General to appeal for one of the parties to the lawsuit.

The issuance of the mandate in this case will constitute an order dismissing the appeal in the Court of Appeals, Division II.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.